## No. 11,679.

DOUGLAS BLACKWELL ET AL. VS. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILROAD COMPANY.

Passengers approaching the railroad track they propose to cross must exercise reasonable care to avoid accidents, and when it appears that if there had been such precaution the near approach of the train would have been ascertained, the traveler can not recover damages if, on attempting to cross, he is struck by the locomotive, Beach on Contributory Negligence, Secs. 181, 184.

The mere omission of train signals will not subject the railroad company to damages if the traveler struck by the locomotive attempts to cross the track without observing usual precautions to avoid such accidents.

Least of all will the company be held for damages caused by the locomotive striking the traveler crossing the tracks if the evidence shows the usual signals of the approaching train were given, and which should have been heard and heeded.

APPEAL from the Fifth District Court, Parish of Ouachita. *Vaughan, J. ad hoc.*

*Newton & Madison* and *Garrett & Munholland* for Plaintiffs and Appellees.

———

*Fred. G. Hudson* for Defendant, Appellant.

———

The opinion of the court was delivered by

MILLER, J.   Plaintiffs in these consolidated cases sue for damages alleged to have been caused by the fault of those in charge of defendant's trains of cars striking the wagon of plaintiffs, at the time crossing the tracks of defendant's railroad.   The result of the accident was the bodily injuries of plaintiffs and the damage to the wagon and horse.   From judgments based on verdicts of the jury against defendant, this appeal is prosecuted.

The freight train was proceeding north from Monroe, and plaintiffs in the wagon were knocked off the track at Sicard Crossing.   Almost parallel with the track is the road from Monroe, and along this road the wagon was on its way, intending to cross the tracks at Sicard. On the west side of the track, from which side plaintiffs attempted to cross, there is a seed house about one hundred and forty feet in length, placed there by defendant; south of the crossing, and between the crossing and the house, there was, when the accident occurred, two box cars on a siding.   It is charged in the petition, the house and box cars obstructed the view of the train coming from the south, and made it impossible, until on the main track, for any one to see a train approaching in that direction.   It is alleged that when the plaintiffs in the wagon reached the crossing, with no view to the south, owing to the obstructions of the house and box cars, and not warned by any whistle of the approaching train, nor able to hear any train or noise, they started to cross, but before clearing the track the wagon was struck by the engine, the plaintiffs thrown to the ground with great violence, causing serious internal injuries to plaintiffs, besides the damage to the wagon and the crippling of the horses.   The negligence attributed to defendant is, that the train was running at an unusual rate of speed, passing the station at an unexpected time not scheduled; that the engineer failed to ring the bell or sound the whistle at the whistling board, about 1000 feet from the crossing, and the obstacles placed by the defendant, preventing any one from seeing the train.

We have given all due attention to plaintiffs' argument inferring the negligence of defendant from the fact that the seed house prevented the sight of the track south. It must necessarily happen from the accumulation of freight, or other causes, that such obstructions from side-tracking of cars will occasionally exist. While such obstructions should prompt a greater degree of vigilance on the part of railroad companies to guard against accidents, the very fact of such obstructions calls for carefulness from travelers proposing crossing the tracks. See Beach on Contributory Negligence, Sec. 196, p. 254. " In proportion as the danger is increased must the vigilance of the traveler who approaches the crossing be increased," is the text of the author. In our view the imprudence of the plaintiffs, exhibited by the record, overshadows the alleged negligence of the company, in respect to the side-tracking of the cars. See also 1 Thompson on Negligence, 422, Sec. 7.

The train leaving Monroe going north stops at Parker's Crossing. Next is Sicard, about a mile distant. The train on the track is easily perceived from the road approaching the track, and almost parallel to it in some places. Along this road the plaintiffs in the wagon were riding on the evening of the accident, and another wagon was a short distance behind. We do not affirm it to be the duty of a traveler to look behind, but it can not fail to impress the mind that a freight train of eleven cars moving along this railroad near by, making the usual noise and nearing the point the wagon was to cross, should have attracted no attention from the plaintiffs in the wagon. Any one approaching the track he is to cross is usually prompted to use both sight and hearing. Those in the rear wagon both saw and heard the train and hallooed, as they express it, to plaintiffs. Plaintiffs heard neither voice or train. When plaintiffs reached the crossing the train was very close at hand, striking the wagon before it cleared the track. Sicard is a flag station where the train does not stop, unless flagged. It is such a point freight trains may be expected to pass, if not at all times, as one of the witnesses expressed it, at least not with the regularity of passenger trains. True, the sight south was interfered with by the side cars and the seed house. These obstructions, while they are not to be lost sight of in considering the question of responsibility, certainly should have suggested caution to travelers about crossing the tracks. It seems to us that caution could not have been observed by the plaintiffs. If,

Blackwell et al. vs. Railroad Company.

when this wagon reached the crossing, there had been a pause and the listening which ordinary prudence and the law exacts, how is it possible the plaintiffs could fail to hear the noise of this long train then within the short distance demonstrated by the collision before the wagon reached the other side. The suggestiveness of negligence on plaintiffs' part is not lessened on examining the testimony as to plaintiffs' course on reaching the crossing. One of the plaintiffs, he says, checked up and took time to go across; the statement of the other is he checked up, halted a little; another witness, in the wagon behind, who, admitting he was trying to beat the train, was close behind plaintiffs, and barely escaped their fate by turning his horse away from the crossing just in time to escape being struck on the track, asked what plaintiffs did on reaching the crossing, answers, they did as one does coming to a bridge, or something of that kind, don't come to a full stop, but check up. We think this testimony indicates that there was no full pause and attentive ear given by plaintiffs or they would have heard the train so near to the crossing and refrained from attempting to pass the track in front of the advancing train. Aside from the inferences naturally suggested by the testimony produced by plaintiffs we have in the record the testimony of the conductor, brakemen, firemen and others, that the usual signals by whistles were given, and besides the fireman testifies he rung his bell for half a mile before the crossing was reached. The whistling board is one thousand four hundred feet from Sicard. It may well be that the whistles were not sounded at that precise point. If only that whistle had been given at that short distance it would not have been as efficient a warning as whistles from one-quarter, one-half and a mile, the distances given by the witnesses. There is negative testimony that none were given. The affirmative testimony outweighs that of the witnesses, who it may well be said did not hear. We think on this branch, as on the whole case, there is no basis for the judgment against the company.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided, annulled and reversed at plaintiffs' cos's.

Rehearing refused.