### No. 3216
### Second Circuit

## THOMPSON v. MORGAN

(June 28, 1928. Opinion and Decree.)
(July 14, 1928. Rehearing Refused.)
(December 5, 1928. Affirmed by Supreme Court on Writ of Certiorari and Review.)

W. M. Harper; H. H. Russell of Monroe, attorneys for plaintiff, appellee.

George Wesley Smith, of Rayville, attorney for defendant, appellant.

WEBB, J. The plaintiff, S. B. Thompson, an employee of a railroad company, while in the course of his employment driving a motor car used in carrying workmen and material for maintaining the tracks, was injured in a collision between the motor car and an automobile, being driven along the highway by defendant, F. M. Morgan, which collision occurred in the day time at the intersection of the railroad track and the highway, and defendant appeals from a judgment rendered against him in this action to recover damages for personal injuries.

The highway over which defendant approached the crossing runs parallel with the tracks for about one thousand feet and then turns at approximately right angles to the track, and as defendant approached the crossing along the roadway parallel with the tracks, he had a view of the track to the north of the crossing for a considerable distance, which would have enabled him to have seen locomotives or trains moving toward the crossing, but there was a box car parked on one of the tracks which obstructed the view of smaller vehicles, such as motor cars, and when defendant arrived at approximately the point where the highway turns, which was more than one hundred fifty feet from the track, he directed his attention to the track south of the crossing and continued driving and drove onto the crossing where the collision occurred with the motor car which had approached from the north and which had not been seen by defendant until about the moment of collision.

The motor car was not equipped with any signalling devices and there were not any signals given of its approach to the crossing, but when the motor car reached a point south of the box car, the driver, plaintiff, saw the automobile at the point where the highway turned to cross the tracks, when he could have easily stopped the motor car before it reached the crossing, but assuming that the driver of the automobile would exercise care and yield the right of way, he did not attempt to stop until it was too late.

Appellant urges that the facts show that defendant was not negligent, but that, if he was, the plaintiff, driver of the motor car, was also negligent and that his negligence contributed to the collision.

The theory upon which defendant urges that he was not negligent appears to be based upon some contention that his action must be considered in connection with the action of plaintiff, and the character of the vehicle being operated over the track by the railroad company, as well as with regard to the situation, or obstruction of his view of the track by the box car.

However, the railroad track was a warning of danger from all vehicles or equipment which the railroad company might, in conducting its business, move over the track, and the universal requirement that one using the highway must, before driving upon the crossing or intersection of the railroad track and highway, exercise his senses of sight and hearing to guard against such danger, is, we think, applicable without regard to the character of the vehicle, or whether the danger would be greater from one vehicle than another, and the fact that the operator of the motor car did not give any signals of the approach of the vehicle to the crossing, did not relieve defendant from the duty of exercising his senses of sight and hearing to guard against the danger. (Blackwell vs. St. L. etc. Ry. Co., 47 La. Ann. 268, 16 So. 818, 49 Am. St. Rep. 371; Loftin vs. Louisiana Railway Co., 135 La. 33, 64 So. 972), and the evidence showing that, without regard to

the obstruction of defendant's view of the track by the box car, he had ample opportunity to have observed the track, on which he would have seen the approaching motor car, and ample time and distance thereafter to have avoided the accident by stopping his automobile, the situation presented is not at all analogous to that presented in the cases cited by counsel, in which it was held that one approaching such a crossing was not bound to come to a stop before driving on the crossing, and we are of the opinion that defendant was clearly guilty of negligence.

The position that plaintiff was also negligent is urged on the theory that he was bound to give warning signals of the approach of the motor car to the crossing, and the evidence showing that defendant could have stopped his automobile until he was within approximately thirty feet of the crossing, that the failure of the plaintiff to give any signals should be held to have been negligence and to have contributed to the accident.

There is not any statute that requires that motor cars, such as that being driven by plaintiff, should be equipped with any signalling devices or that any signals shall be given of the approach of such vehicles to highway crossings, and the evidence does not indicate that it is the custom to give any signals, nor does it appear that the plaintiff was operating the motor car in an unusual manner, and if the question of negligence is to be determined solely with relation to whether the plaintiff was exercising the usual care in operating the motor car, we do not think it could be said that he was negligent; however, the law, or at least the well settled jurisprudence, is that the motor car had the right of way, on which the plaintiff acted when he saw the defendant approaching the crossing, assuming that defendant would observe the approach of the motor car and yield the right of way. (Brown vs. Texas & Pacific Ry. Co., 42 La. Ann. 350, 7 So. 682, 21 Am. St. Rep. 374; Taylor vs. V. S. & P. Ry. Co., 123 La. 768, 49 So. 518), and we are of the opinion that the plaintiff was bound to give some signal of the approach of the motor car to the crossing, and that the usual noise made by the vehicle when being operated is not sufficient (Davis vs. Boggs, 22 Ariz. 497, 199 Pac. 118).

The right of way which vehicles operated on the track have at highway crossings over those operated on the highway is not arbitrary, and in one respect is based upon the fact that vehicles moving along the track cannot be as readily stopped as those operated on the highway, and is founded upon a rule of public safety, and the same rule, we think, requires that warning of the approach of such vehicles to the highway crossings should be given (Watkins vs. St. L. B. & M. R. R. Co., Tex. Civ. App., 245 S. W. 794; Continental Improvement Co. vs. Steadman, 95 U. S. 161, 24 L. Ed. 403; Brown vs. Texas & Pacific Ry. Co., supra), and when there is not any such warning given, and the failure to give such warning may be said to have contributed to the accident, the operator of the vehicle cannot recover damages for injuries received by him in such accident.

The evidence, as stated, established that defendant could have stopped his automobile and avoided the collision had he known of the presence of the motor car, even after plaintiff vainly tried to avoid it, and although it may be that the defendant would not have heard the signal, had any been given, we cannot assume that he would not, and we are of the opinion that the failure of plaintiff to give any warning signal must be held to have been a contributing cause to the collision (Ortolano vs. M. L. & T. R. R. & S. S. Co.. 109

La. 902, 33 So. 914), and that plaintiff cannot recover.

The judgment appealed from is therefore avoided and reversed, and it is ordered, adjudged and decreed that the plaintiff's demands be rejected at his cost.