No. 827

First Circuit

DELAUNE v. BREAUX

(June 16, 1931. Opinion and Decree.)
(December 8, 1931. Rehearing Refused.)
(November 3, 1931. Writs of Certiorari and
Review Refused by Supreme Court.)
(February 1, 1932. Judgment of the Court
of Appeal Affirmed.)

Howell & Deramee and Harvey Peltier, of Thibodaux, attorneys for plaintiff, appellee.

Edw. Rightor and W. H. Sellers, of New Orleans, attorneys for defendants, appellants.

MOUTON, J. Leon Breaux, minor son of defendant, took in his auto Freddie Delaune, son of plaintiff, for a ride from Lockport to New Orleans. While driving from Raceland towards New Orleans, the auto, at about 7 or 8 o'clock p. m., ran into a truck on the highway. Freddie Delaune was killed in the collision, and this suit was brought for $10,000 damages against Alphonse Breaux, Sr., father of the minor, Leon Breaux.

Judgment was rendered in favor of plaintiff for $4,500. Defendant appeals.

It was at the invitation of Leon Breaux that Freddie Delaune, deceased, got into the auto for the trip. He was an invitee or guest when he got into the auto for the trip, had no control of the car thereafter, and was a guest when the accident occurred.

Counsel for defendant admit in their brief that the minor, Leon, was at fault, and say that the facts in this case are without dispute, and present for solution the following question: "Was Delaune, the deceased, guilty of contributory negligence?"

In the case of Churchill v. Texas Pacific Ry. Co., 151 La. 726, 92 So. 314, the court said that the negligence of the driver should not be imputed to the guest and that the guest has the right to recover from the tort-feasors, "unless the circumstances were such that the deceased could be charged with negligence of his own."

Leon Breaux was the driver when the accident happened, and the question is as to whether the deceased, Freddie Delaune, was chargeable, at the time, with independent negligence.

The evidence shows that the truck, when struck, was parked on the side of the roadway; its driver being occupied in fixing a flat tire. The truck had a tail end light, and the driver was using a flash-light to make the repair.

Counsel refer to the rule which says that neither occupant of a vehicle may recover where it is shown that the proximate cause of the accident was the failure of both to have seen what each of them should have seen, citing in support of that doctrine, Leopold v. Texas & Pac. R. Co., 144 La. 1000, 81 So. 602; Toups v. Morgan's La. & Tex. R. R. & S. S. Co., 4 La. App. 136; Roberts v. Eason, 6 La. App. 703; McQuiston v. Shreveport Rys. Co., 12 La. App. 277, 124 So. 706.

Counsel say that Breaux, the driver, and Delaune saw the truck loom ahead about at the same time; that, when Delaune saw the impending danger, he attempted to grab the wheel and turn the car around the truck. No doubt he made that effort just before the collision.

In the Churchill case, above cited, the court said that the deceased, who was a guest, saw the train almost at the instant of the accident, and immediately shouted a warning, but held that he was not negligent.

Here it is shown by Breaux's testimony that about the very moment of the collision the deceased said, "Look out that truck," and attempted to take the wheel of the auto for the purpose of swerving it around the truck.

Obviously the court in the Churchill case exonerated the deceased of negligence under the doctrine recognized therein, that a guest not having charge of the operation of an auto is not required to keep a lookout for danger, but can rely upon the discharge of that duty by the driver who is responsible for its operation.

The guest, as we had occasion to say in other cases, cannot rely entirely or implicitly on the driver of the car, but is entitled to a reasonable extent, to place reliance on the care and proper management of the one operating the auto. The guest, whether seated on the front or back seat of an auto cannot be placed on the same footing with the driver in reference to the care, caution, and vigilance which should be required of the one driving such a high-powered machine. The guest is not expected, as a general proposition, to have seen what the driver "should have seen"; otherwise the same measure of vigilance would be placed upon him as on the one operating the car. If such were the rule, it would be incumbent on the guest "to keep a look-out for danger" and without placing any reliance on the driver, which would be destructive of the requirement in such cases, recognized in the Churchill

case, above cited. Hence the doctrine invoked by counsel for defendant, which says that "neither occupant of a vehicle may recover when it is shown that the proximate cause of the accident was the failure of both to have seen what each of them should have seen," applies to cases where the danger is so apparent, or the circumstances are such, that the guest is chargeable with negligence of his own or with independent negligence if he gives no warning or makes no protest.

Counsel for defendant refer to the cases of O'Brien v. Woldson, 149 Wash. 192, 270 P. 304, 62 A. L. R. 436, where the suit was brought by one member of a joint adventure or enterprise in which the court said the doctrine of imputed negligence does not apply.

The other, Davis v. Chicago, R. I. & P. R. R. Co. (C. C. A.) 159 F. 10, 19, 16 L. R. A. (N. S.) 424, the same question was involved. In that case, Pfentz was the companion of Davis in a horse-drawn rig driven by Davis which was struck by a train. There the court said the parties were engaged in a mutual adventure, that it was as much the duty of Pfentz, as it was that of Davis, the driver, to "take observation of dangers."

Here appears distinctly the demarcation line between the rule where the party injured is a guest, and is not engaged in a joint adventure or enterprise with the driver of the vehicle. In such an adventure, the companion in the car "must take observation of dangers" and therefore is held practically to the same degree of care as devolves upon the driver.

If a guest, no such watchfulness or observation of dangers is expected of him, and the negligence of the driver is imputed to him only where his failure to see the dangers arises from his own or independent negligence. In the instant case, plaintiff was a guest, and his rights must be determined under the rule which controls in such cases.

He was traveling on a highway about thirty or thirty-five miles an hour, a rate of speed not excessive. The deceased and Breaux, the driver, had taken a small quantity of gin about an hour and a half before the accident, which Breaux says had had no intoxicating effect on him nor on the deceased. The deceased, a guest, would naturally have expected that vehicles would pass their car going either way, but not that a large truck would be parked on the side of the highway on which they were traveling. To require that a guest should look out for such sudden and unusual obstructions would be asking more than the law requires. It is different, however, for the driver of an auto, from whom is demanded a much higher degree of vigilance. If Breaux had been exercising the care which devolved upon him in the management of the auto, he certainly would have been on the lookout for dangers which might have been lurking ahead. Obviously he was not; otherwise it is evident that he would have seen the tail end light on the truck and the flash-light which was being used by the parties engaged in fixing the flat tire on the truck. He was clearly negligent, as is admitted by counsel for defendant. It is shown that deceased saw the danger at about the same time that it was seen by Breaux, and shouted to him "look out." This shows that he was not asleep or oblivious to his surroundings which could have indicated that he had placed his entire or implicit reliance on Breaux, the driver of the car. His attempt to avert the accident was unfortunately too late to save his life. It is different with Breaux, who should have been much more vigilant than was required

of the deceased. If Breaux had measured up to the responsibilities devolving upon him under the circumstances, he would unquestionably have avoided the collision. He was inexcusably at fault, but his negligence could not be imputed to deceased as was held below.

The defendant was therefore properly held liable in damages for the tort of Leon, his minor son.

## QUANTUM

The district judge allowed $4,500 damages, which plaintiff says should be increased to $10,000. Defendant contends plaintiff should be granted an amount less than $1,500.

Counsel are therefore quite wide apart on this question, more so than on the other issues.

Plaintiff, mother of deceased, is 61 years old, had five children, three daughters, two sons, Freddie, deceased, and Elmer, who contributed to her support. Freddie had been away about five years, came occasionally to see her, and was on a visit when killed. He was 26 years of age, and gave his mother about $20 a month. She does not seem to have had any other means of support than from these contributions of her sons, and was living with one of her daughters.

The assessment of damages by our courts in cases of this character shows a wide range of fluctuations, and there is no fixed line in such allowances that can be of any guide to this court.

In the assessment of damages in cases of this character, much discretion is left to the trial judge, which we do not find to have been abused in the instant case. The amount allowed is fair, and will not be increased nor reduced.