**LOCKHART v. MISSOURI PAC. R. CO.***
No. 4701.

Court of Appeal of Louisiana. Second
Circuit.
March 29, 1934.

M. C. Redmond and Dhu Thompson, both of Monroe, for appellant.

Hudson, Potts & Bernstein, of Monroe, and Robert P. Kennedy, of Lake Providence, for appellee.

TALIAFERRO, Judge.

The automobile in which plaintiff and her father, William T. Parks, were riding, when crossing defendant's track three miles south of Lake Providence, La., the afternoon of February 6, 1931, was run into by a freight train of defendant traveling south, with the result that Mr. Parks was killed and plaintiff was severely injured. She sues to recover damages for said injuries. The car was owned by and was being driven by Mr. Parks. Plaintiff was riding on the front seat with him. The specific acts of negligence charged against defendant and its agents and employees, entitling her to recover herein, are alleged to be:

That the train crew did not sound any alarm, blow a whistle, or ring a bell, or give any other warning of the approach of the train to the crossing, and that the engineer and fireman in charge of the engine were not keeping a reasonable lookout for traffic at said crossing; and she argues that, had such warnings been given, they would have been heard by her and her father, and the accident averted. It is admitted in the petition that she and her father did not hear the train or know of its presence, until it struck the automobile, because of the noise made by trucks passing on the highway and the noise of their own car; and, further, it is admitted that as the automobile turned from the highway to its left at right angles and headed toward defendant's track, some 40 feet distant, their attention was directed toward several trucks hauling gravel, approaching from the south, or their right side; and, inferentially, it is admitted that because their attention was thus directed at this particular moment, they did not look to their left and, consequently, did not observe the train a short distance away.

Defendant denies that the collision was due

*Rehearing denied May 4, 1934.

to any negligence on the part of its train operatives, but that it was due solely and proximately to the negligence, carelessness, and fault of plaintiff and her father.

In the alternative, should it be held that defendant was guilty of any negligence proximately causing said accident, the contributory negligence of plaintiff and her father is pleaded in bar of her right to recover; such contributory negligence consisting of their failure to observe and comply with the requirements of law and/or the dictates of ordinary caution, prudence, and safety, for themselves and those in charge of said train, in that they did not stop, look, or listen, before crossing said track, a place of known danger, and the failure on their part to see the approaching train, which was in plain and unobstructed view, a short distance away.

The demands of plaintiff were rejected by the lower court, and she appeals.

In this case, we are favored with a record in which there is virtually no dispute as to the true facts attending the unfortunate tragedy in which plaintiff was involved. She and her father rode together almost daily in his automobile. He was 62 years old, but was considered by plaintiff a safe and careful driver and had not, prior to this time, had a serious accident with his car. They were well acquainted with the situation where the accident occurred, having crossed there often, and, in fact, drove over this crossing a few hours before the accident. They were returning from Lake Providence and were driving south on the gravel highway, west of and adjacent to defendant's right of way. On all sides of the crossing the country is open. At the time of this accident there was a side track a few hundred yards below the crossing on which cars loaded with highway construction material were unloaded. The train was reducing its speed preparatory to cutting loose some twenty cars of gravel at this siding. The road into which the Parks car turned, when it left the highway, is not a public one. It is merely a dirt road that goes some 200 yards east to the then residence of a Mrs. Laird, sister of plaintiff. It stops at Mrs. Laird's place. It passes into a field, through a gate, on the east side of the railway right of way, and is not generally used by the public. Members of the crew testified that they had not, before this accident, seen an automobile cross the track at this point. Plaintiff and her father were on their way to Mrs. Laird's when the collision occurred. Their car was going at not more than fifteen miles per hour prior to turning

into the dirt road, and as the turn was made, its speed was reduced to five or six miles per hour. It came to a momentary stop while crossing a depression, 2 feet deep and 6 feet wide, that intersected the road very close to the highway. When the car came out of the depression, it proceeded slowly as it took the slight grade toward the track not over 30 feet distant. It was struck a glancing blow, on its left side, about the front fender, knocked southerly, and ran down the right of way for not over 50 feet.

The train consisted of twenty-nine loaded and nineteen empty cars, plus caboose, engine, and tender. Its length was over 2,000 feet and its load 2,000 tons. It was moving at an hourly speed not in excess of twenty miles when the intersection was crossed, and stopped within 500 feet after the collision. It was in charge of an experienced crew. Its brakes were operating efficiently. It is admitted that no bell was rung, no whistle was blown, nor other signal or warning given by the crew, as the train approached the crossing. It is also admitted that unless there is special reason for doing so, no signal or warning of a train's approach to a private crossing in the open country is ever given. The rule is the reverse at public highway crossings.

There can be no doubt that Mr. Parks did not see the train at all before the actual impact. He did not see it because he did not look to his left; and for the same reason plaintiff admits that she did not see it. It could not have been more than 150 feet away when the car came out of the depression in the road. Their view toward it was wholly unobstructed. Going at a very slow rate of speed, he drove his car onto defendant's track when the train was only a few feet from him. The car could have been stopped instantly by application of the brakes, which plaintiff says were in good condition. His car did stop within 40 feet of the track, but he did not look and listen as the law and ordinary prudence required that he should do. The rule laid down in Baltimore & O. R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 25, 72 L. Ed. 167, 56 A. L. R. 645, finds peculiar application to the facts in this case. It is: " * * * When a man goes upon a railroad track he knows that he goes to a place where he will be killed if a train comes upon him before he is clear of the track. He knows that he must stop for the train not the train stop for him. In such circumstances it seems to us that if a driver cannot be sure otherwise whether a train is danger-

ously near he must stop and get out of his vehicle, although obviously he will not often be required to do more than to stop and look. It seems to us that if he relies upon not hearing the train or any signal and takes no further precaution he does so at his own risk."

Under the facts of the case it would hardly be argued that Mr. Parks could have recovered for his injuries had he survived the accident. His own gross negligence, independent or contributory, precluded the possibility of such a result. The fact that no suit was filed by his heirs supports such a conclusion. Is the plaintiff in any better position, even though some negligence attaches to defendant?

■■ If the negligence of plaintiff, assuming that she was guilty of such, was of a primary and independent character, and concurred with that of her father as the, or one of the, proximate causes of the collision, she cannot recover, notwithstanding she was not driving the automobile. In view of the undisputed facts of the case, coupled with plaintiff's own judicial admissions, we do not think the invited guest doctrine applicable. We are convinced that plaintiff was grossly negligent from the moment the car left the highway to the moment of the collision with the train. Her negligence in this respect is of the same grade and character as that of her aged father. It was of an independent character and, like his, was the proximate cause of the accident. The correctness of this conclusion, we think, easily demonstrable from the record. While plaintiff had implicit confidence in her father's ability and skill as the operator of the automobile, yet she was not relying upon this skill and ability for safe conduct over the railroad track. He was not keeping a proper lookout for their safety, and she knew it at the time. Her attention was solely directed to conditions on her right, and so was that of the father, to her knowledge, because, in her petition, she avers: "She shows that her father was sitting on the left hand or driver's side of the automobile and that she was seated on his right, and that their attention was directed at the approaching trucks from the south and at the point of the turn from the highway into the road eastward."

The inattention to things and conditions to their left, disclosed by these allegations, unquestionably continued to the time of the collision.

■■ The jurisprudence of this state is very much confused, and, we might say, in many respects lacking in uniformity, in cases where the right of the invited guest, the gratuitous guest, or the idle occupant of a car, to recover damages for personal injuries is involved. We think the correct rule is laid down in Ruling Case Law, vol. 20, p. 159: "* * * Of course, the occupant of a vehicle will not be permitted to recover where it appears that he himself was negligent either in permitting the driver to encounter known dangers, or in failing to use his senses of sight and hearing to discover the perils of the highway." And in Corpus. Juris, vol. 45, p. 1016: "While negligence of the driver of a vehicle is not ordinarily imputed to an occupant who neither has nor exercises the right to control the driver in the management of the vehicle, it is nevertheless the duty of the occupant to exercise ordinary care to avoid injury. In other words, he is obliged to exercise such care as an ordinarily prudent person, riding with another, would exercise for his own safety under the same or similar circumstances. If he fails to exercise such care, and his failure to do so concurs with the actionable negligence of defendant and contributes to the injury complained of as a proximate cause, he is guilty of contributory negligence. This is true, even though the driver himself was not negligent. Recovery is denied to the occupant in such cases because of his own negligence, and not by virtue of the doctrine of imputed negligence. Ordinary. care, however, is all that is required. It is, of course, essential, in order that an occupant may be guilty of contributory negligence, that his failure to exercise ordinary care to avoid injury contribute as a proximate cause to the injury complained of."

■ And in discussing the right of the guest or idle occupant of the car to implicitly rely upon the driver's skill and competency as an operator, it is said:

"But. an occupant of a vehicle may not abandon the exercise of his own faculties and entrust his safety absolutely to the driver, regardless of the imminence of danger, or the visible lack of ordinary care on the part of the driver to avoid harm. It is his duty to exercise ordinary care to protect himself from known dangers and perils which the attendant circumstances suggest.

"While an occupant of a vehicle is not required to exercise the same watchfulness as the driver, it is his duty to exercise ordinary care, including a reasonable use of his faculties of sight, hearing and intelligence, to observe and appreciate danger or threatened

danger of injury, and if he fails to do so, and such failure contributes to the injury complained of as a proximate cause, he is guilty of contributory negligence. However, it cannot be said that it is the duty of an occupant of a vehicle to use his senses in order to discover approaching vehicles and other dangers in every case and under all circumstances. Ordinary care to observe and appreciate danger is all that is required." Corpus Juris, vol. 45, p. 1017, §§ 567 and 568.

The case of Leopold v. Texas & Pacific Ry. Co., 144 La. 1000, 81 So. 602, 603, is similar to the one at bar. Plaintiff Dr. Leopold, was riding in his own car, operated by his son. The car was struck at a railroad crossing. Recovery was denied the doctor because of his own independent negligence in not keeping a proper lookout and warning the son of the hazard involved in crossing defendant's track. The court, after referring to conditions at the crossing, said: "These conditions placed upon both parties the duty of exercising extreme care at this crossing; and, inasmuch as Dr. Leopold admits that he never looked any more after stopping until the train was almost upon him, we must conclude that he, too, was guilty of negligence. According to his testimony, the automobile, after stopping, was traveling not more than 5 or 6 miles per hour on an incline, and we must conclude that it could have been readily stopped."

In that case the court found that no whistle was blown or bell rung by the train's crew before the crossing was reached, and in other respects held that there was some negligence on part of defendant, but finally held that plaintiff's own independent negligence was the proximate cause of the accident.

The question is considered somewhat thoroughly in Williams v. Lenfant, 15 La. App. 515, 131 So. 857, and a large number of authorities on the subject from other jurisdictions are cited. Among other cases involving the principle are: Banfield v. Louisiana Ry. & Nav. Co. 18 La. App. 86, 137 So. 571; Natal v. Louisiana & A. R. Co., 18 La. App. 50, 137 So. 600; Delaune v. Breaux, 18 La. App. 609, 135 So. 253.

In this last case it is held that:

"Doctrine that neither occupant of vehicle may recover when proximate cause of accident was failure of both to see what each should have seen applies to cases where danger is apparent.

"Negligence of automobile driver is imputed to guest only where guest's failure to see dangers arises from his own or independent negligence."

The train of cases pertinent to this discussion could be extended to great length. No good purpose would be served by doing so. The books are full of them.

If there was negligence on the part of the crew of defendant's train, it was because none of them saw the Parks car when and after it turned into the dirt road before attempting to cross the track. Not having seen the car, there was no good reason to sound an alarm before reaching the crossing. There is no law or rule in this state that requires the blowing of whistle or ringing of bell by trains at private road crossings in the open country, unless some unusual condition or circumstance thereat makes such action proper and necessary, out of a desire to avert possible injury to others, and to relieve the railway company of a charge of negligence which would follow the failure to do so. Franklin v. L. & A. Railway Co., 10 La. App. 526, 120 So. 679.

The engineer and fireman of defendant's train were at their posts of duty when the accident occurred. The fireman, being on the east side of the cab back of the locomotive, looking ahead, was not in a position to see the Parks car after it left the highway and headed easterly. The engineer says he was intently looking through a small glass door or window in front of his side of the cab, observing conditions on the track ahead of the train, in anticipation of the stop intended to be made a few hundred yards below the crossing, and could not see directly to his right because of the steel wall of the cab.

If the failure of the engineer to see the Parks car on the dirt road was negligence, it was of a passive character, and certainly was not a proximate cause of this tragedy.

To hold that the concurring negligence of plaintiff and her father was not the sole proximate cause of the accident, it must be held that it was the imperative duty of this engineer to have observed their presence on the dirt road, and that he should have instantly sounded the whistle and/or rung the bell, and that these alarms would have been heard and heeded by the occupants of the car, and thereby the collision avoided. We cannot even assume that had such alarms been given that either Mr. Parks or plaintiff would have heard them. They did not see, or hear the noise of, the long train as it approached them, on account of the noise of their own

car's motor and that of the gravel-laden trucks on the highway; they were oblivious to everything except what was going on below them, and this, too, while approaching a place of danger well known to them.

■ It has been repeatedly held that the failure to give signals of a train's approach to a crossing is not the proximate cause of an accident, where it appears that the injured person recklessly went upon the track without stopping, looking or listening. Loftin v. Louisiana Ry. & Nav. Co., 135 La. 33, 64 So. 972; Blackwell v. St. Louis, I. M. & S. Railway Co., 47 La. Ann. 268, 16 So. 818, 49 Am. St. Rep. 371; Leopold v. Railway Co., supra; Nolan v. Illinois Cent. Railway Co., 145 La. 483, 82 So. 590.

The judgment appealed from is correct, and is hereby affirmed.