### FEIGHT v. ROCK et al.
### No. 1354.

Court of Appeal of Louisiana.
First Circuit.
June 11, 1934.

Brumby & Bauer, of Franklin, and Pomes & McCabe, of New Orleans, for appellant.

James R. Parkerson, of Franklin, for appellees.

LE BLANC, Judge.

This is a suit for damages resulting from an automobile accident, which occurred at 9 o'clock in the evening of May 3, 1932, about one mile east of Des Allemands, La., on the Old Spanish Trail Highway leading into New Orleans. From a judgment rejecting his demand and dismissing his suit, the plaintiff has appealed.

Arthur Rock, one of the defendants, was driving his truck eastward towards New Orleans. He and his brother-in-law, O'Neil Barrios, who was in the truck with him, were on their way to Westwego to buy a supply of fish. They left Des Allemands some time near 8:30 o'clock and stopped at a gasoline filling station on the outskirts of the village to take some gasoline. They remained there some time chatting with the man who was operating the station. When they had driven about a mile, after leaving the station, one of the fuses which controls the lights on the truck burnt out, and the lights went out. Rock parked his car in the darkness on his right-hand side of the road, as near the ditch as he could possibly do so, and being without a flash-light or matches, both he and Barrios walked to the house in the yard at that point on the road to obtain assistance. The house was about 300 feet from the road, and was occupied by a Mr. Arthur Le Blanc, with whom Barrios was acquainted.

While Rock and Barrios were at the Le Blanc home, an automobile came along and stopped some 25 or 30 feet back or west of the truck. Instead of parking horizontally along the highway, this car turned perpendicularly on a bridge which led south from the highway. This parked car was not entirely off the highway, however, there being about 6 feet of the rear portion which extended from the bridge onto the highway.

The plaintiff was also driving eastward in a Buick coupé. As he approached the automobile that was parked on the bridge, there was another car coming from the opposite direction. This car belonged to a Mr. Philip Albarez. Mrs. Albarez, his wife, was driving, and in the car with her and Mr. Albarez was a Miss Robichaux, who is now dead. Plaintiff passed behind the car parked on the bridge, and, as he did so, saw the truck parked ahead or east of it. He had had to veer a little to his left to pass behind the first car, and, in attempting to swerve back to his right in order to safely meet the car that was approaching him from the east, he ran into the rear end of the defendant's truck. The im-

pact threw his car against the approaching car, and both this car and his were badly damaged.

Under this state of facts, plaintiff has sued Rock, the owner of the truck, and his indemnitor, the Maryland Casualty Company, claiming that Rock was negligent in leaving an unlighted and unguarded truck on the highway in the nighttime. The defense is a denial of the negligence alleged and a plea that the cause of the accident was the fault, carelessness, and negligence of the plaintiff in driving his car at an excessive rate of speed estimated at from 60 to 70 miles per hour and not having it under such control at the moment as to have avoided the accident.

The defendant in this case offers a plausible excuse for having left his unlighted truck unguarded on the road, and he seems to have been careful in parking it as near the edge of the highway as possible. We believe that he acted as any reasonable man would have done under the circumstances in trying to remedy the trouble with his lights and did not unduly delay in doing so. In fact, when the collision took place between plaintiff's car and his truck, he was on his way from Le Blanc's home with a flash-light which he afterwards used in correcting his light trouble. It may be that he and Barrios were lacking in the best precaution when they both left the truck to go to secure assistance from Le Blanc. The better and perhaps safer course would have been for one of them to remain to guard the truck and give whatever warning to approaching traffic it could have been possible to give under the circumstances. The courts of our state have so consistently held that it is gross negligence to leave an automobile or a truck parked on the highway at night unguarded and without lights that defendant may well be said to have been guilty of negligence in the manner we have stated. But, as the evidence to us discloses that his negligence was not the proximate cause of the accident, which, on the contrary, happened because of the negligence and fault of the plaintiff, it is unnecessary to go into an extended discussion of the defendant's act of omission.

Plaintiff says that at the time he went around the automobile that was parked on the bridge, the Albarez car, coming from the opposite direction, was about 45 or 50 feet away. He obviously means 45 or 50 feet from his car, as when he was going around the parked car he had not yet seen the parked truck ahead of it. He admits that he had been driving between 45 and 50 miles shortly before, but that, when he perceived the car that was parked on the bridge and at the same time the Albarez car approaching from the east, he put on his dimmer lights and slackened his speed to about 35 miles. He says that he struck the Rock truck a glancing blow, but the proof is that the impact was powerful enough to break a crossbeam 4x6 inches which extended 2 inches beyond the body of the car and also to throw his car against the Albarez car. More than that, the blow to the truck, which Rock says was in gear, was strong enough to shove it some 40 to 50 feet forward from its stationary position, and it landed in the ditch alongside of the road. These are physical facts, not contradicted, which indicate rather convincingly that plaintiff was not driving as slowly and as carefully as he would have us believe he was.

The impression we get from the testimony is that the plaintiff, in going around the parked automobile on the bridge, and at the same moment seeing the Albarez car some 40 to 50 feet coming on from the opposite direction, speeded up his auto to pass completely around the parked car before meeting the Albarez car. The situation that presented itself, without taking into consideration the presence of the Rock truck parked 25 or 30 feet beyond, was one of hazard which should have prompted the plaintiff to use greater precaution than he did under the circumstances. The car that was parked on the bridge, the rear end of which projected some 6 feet on the highway, obscured his view of that side of the road beyond, and, before venturing around it, especially knowing that he would have to swiftly swerve over to the right side of the road in order to safely meet the Albarez car, he should have made certain that the road ahead of him was clear.

Plaintiff evidently was driving too fast and did not have his car under such control as to safely meet the situation of danger that confronted him, although he had lots of time to bring it under such control after first seeing the parked car on the bridge and observing the approaching Albarez car. Irrespective therefore of the defendant's negligence, plaintiff's own fault and lack of prudence and reasonable precaution preclude his recovery.

The judgment of the lower court properly rejected the plaintiff's demand and dismissed his suit at his costs, and it is therefore affirmed.