This is a suit filed on behalf of the widow of Wesley John Guidry and their five minor children and heirs, based on the fact that at 6:15 A.M., on October 21, 1942, the said Wesley John Guidry was killed by defendant's passenger train as he was driving his truck on a private road over a private crossing of the defendant's railroad tracks.
The petition shows that the deceased lived 200 feet north of the railroad tracks on a private road leading from the gate of the deceased's front yard across the railroad track to the U.S. Highway #90.
The petition further shows that it was dark at the time of the accident, that it was foggy, that the train was behind schedule and proceeding at a rate of about 60 miles per hour and that it approached the private crossing without slowing down and without giving any warning signal until within 100 feet of the truck. The petition shows further that Guidry stopped forty feet from the tracks and looked in both directions and thereupon proceeded across the right of way at a slow speed; that when he stopped some forty feet from the crossing, due to a clump of small willow trees and to a growth of weeds, he was unable to see the oncoming train; and that defendant's employees' failure to sound a warning a sufficient distance before reaching this crossing, under the conditions that existed at the time of the accident, was gross negligence, and the sole and only or the proximate cause of this accident and death.
The defendant filed an exception of no right or cause of action based on the proposition that under our jurisprudence there is no necessity for a railroad train to give any warning of its approach to a private crossing.
The exception was sustained by the district court and the plaintiff has appealed. *Page 638 
[1] There seems to be no dispute between plaintiff and defendant as to the general rule that a railroad train is not required to sound a warning for a private crossing in a rural area or to diminish its speed for such private crossing, but the plaintiff argues that this general rule does not apply where there are special circumstances such as existed in this case, to-wit: the fact that the train was behind schedule, the fact that visibility was poor, because of darkness and the fog, and the fact that the private crossing was overgrown with small willows and weeds.
In the case of Lockhart v. Missouri Pacific Railroad Co., La. App., 153 So. 577, 580, our brethren of the Second Circuit stated the rule to be in Louisiana thus: "There is no law or rule in this state that requires the blowing of whistle or ringing of bell by trains at private crossings in the open country, unless some unusual condition or circumstances thereatmakes such action proper and necessary, out of a desire toavert injury to others, and to relieve the railway company of acharge of negligence which would follow the failure to do so. (Italics ours) Franklin v. Louisiana A. Railway Co., 10 La. App. 526, 120 So. 679."
We find the same rule stated in 27 R.C. L. 1004, as follows: "A railroad is bound to exercise reasonable care in the operation of its trains and to avoid injury to persons and animals at all crossings, private as well as public; and if byreason of peculiar or extraordinary circumstances surrounding acrossing and known to the trainman prudence would require analarm or signal to be given by an approaching train, then its omission is negligence." (Italics ours).
[2, 3] The petition is insufficient to show the special circumstances on which plaintiffs rely, for the reason that the railroad is not charged with the knowledge of the special circumstances except by implication. For instance, the petition alleges that the deceased stopped at a point forty feet from the tracks at which point his vision was cut off by the over-growth of willows and weeds, and the implication is that his vision was cut off from that point to the tracks, but the petition does not so state. Moreover, the petition does not specifically charge the defendant railroad with knowledge of this over-growth of willows and weeds and with negligence in permitting such over-growth to remain at the crossing. The most serious act of negligence charged is the failure to give a warning signal at a sufficient distance from the private crossing, with the implication that the railroad should have known of the special circumstances which placed the deceased in a position of danger.
The other charges of negligence, in our opinion, would be more in the nature to bolster this charge of negligence rather than as independent acts of negligence.
For the reasons set forth herein, we feel that the plaintiffs' petition sets forth sufficient facts to indicate a cause of action and that plaintiffs should have an opportunity to amend their petition in accordance with this opinion, and we are therefore remanding the case to the district court for the purpose of allowing the plaintiffs to so amend their petition, for which purpose the plaintiffs are given 30 days from the date this decree becomes final; if complied with, the exception to stand overruled, otherwise the judgment to stand affirmed. All costs to await the final determination of the case.