United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 6, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

―――――――――――――――

No. 02-31158

―――――――――――――――

KANSAS CITY SOUTHERN RAILWAY CO.,

                                                                Plaintiff-

Appellee,

versus

LITTLE O'S TRUCKING, INC.; ET AL,

Defendants,

CLARENDON NATIONAL INSURANCE CO.,

                                                                Defendant-

Appellant.

―――――――――――――――――――――――――――――――

Appeal from the United States District Court
for the Western District of Louisiana

―――――――――――――――――――――――――――――――

Before WIENER and CLEMENT, Circuit Judges, and LITTLE, District Judge.[*]

PER CURIAM:[**]

―――――――――――――――

[*]Judge of the U.S. District Court for the Western District of Louisiana, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Around noon on July 16, 1998, an eastbound train operated by Kansas City Southern Railway Company ("KCS") collided with a truck driven by Kenneth Sikes ("Sikes") and owned by Little O's Trucking, Inc. ("LOT"). The collision, which occurred at a private railroad crossing, resulted in a massive derailment and Sikes' death. The subsequent police investigation concluded that Sikes caused the accident by failing to stop at the railroad crossing. KCS was not found at fault in the accident.

In order to recover the cost of repairing the locomotive and the railroad tracks, KCS sued LOT and its insurer, Clarendon National Insurance Company ("Clarendon"), for negligence. On the last day of trial, LOT and Clarendon requested a one-day continuance in order to allow their expert witness, Archie Burnham ("Burnham"), to fly to Louisiana from Georgia. After closely questioning the defense counsel, the district court denied the request for a continuance and granted summary judgment to KCS on the issue of liability. The jury awarded KCS $986,825.74 in damages.

On appeal, LOT and Clarendon argue that the district court erred in denying the one-day continuance and granting summary judgment to KCS on the issue of liability. Based upon the totality of the circumstances, we find no abuse of discretion in the denial of the continuance because LOT and Clarendon have failed to demonstrate serious prejudice. Burnham's testimony related either to matters already addressed by other witnesses at trial (e.g., whether the train blew its whistle) or to a purported duty that has no basis in law.

Based upon our review of the record, we agree with the district court that KCS is entitled to summary judgment on the issue of liability. As the district judge aptly stated, there is not a scintilla of evidence showing any negligence on the part of KCS. The witnesses agreed that the train was operating normally, the weather was fair, and Sikes had an unobstructed view of the railroad crossing. The only dispute is over an alleged failure to blow the train whistle. Louisiana law does not require

2

trains to sound their whistles at private crossings. *Texas & P. R. Co. v. Laborde*, 257 F.2d 587, 592 (5th Cir. 1958) (citing *Guidry v. Texas & N.O.R. Co.*, 20 So.2d 637 (La.App. 1 Cir. 1945)). Whether the KCS train blew its whistle is thus irrelevant.

We AFFIRM the judgment of the district court.